IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTWAN RAMSEY, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| v. | ) | No. 09 C 7059 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Honorable David H. Coar |
| | ) | |
| *Respondent.* | ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is a motion filed by Petitioner Antwan Ramsey ("Ramsey") to correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is DENIED.

**BACKGROUND**

On October 25, 2006, Ramsey was indicted and charged with (1) conspiring to possess with the intent to distribute in excess of 50 grams of mixtures containing cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 846, and (2) distributing in excess of 5 grams of mixtures containing cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On October 4, 2007, Ramsey entered a guilty plea to the distribution charge pursuant to a written plea agreement. The charge carried a mandatory minimum sentence of 5 years' imprisonment. On March 19, 2008, the court sentenced Ramsey to 92 months' imprisonment and a term of supervised release of 5 years.

After Ramsey appealed his sentence, his counsel filed an *Anders* brief, seeking to withdraw because he was unable to identify any nonfrivolous arguments to pursue. Defendant responded to counsel's brief. On November 18, 2008, the Court of Appeals granted defense counsel's motion to withdraw and dismissed defendant's appeal.

**STANDARD**

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or their sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995) (internal quotations and citations omitted). If the reviewing court determines that any such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

In addition, after reviewing the Petitioner's motion, the government's response, and any record of prior court proceedings, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990).

# ANALYSIS

Ramsey requests a resentencing on two grounds: (1) this Court sentenced him without the benefit of recent Supreme Court jurisprudence and Department of Justice ("DOJ") policy changes relating to the crack/powder disparity in the Sentencing Guidelines,[1] and (2) Ramsey's lawyer was ineffective for cutting off contact before the submission of his *Anders* brief.

In Ramsey's first claim, he suggests that the Court did not know it had discretion to vary from the Guidelines in the manner authorized by *Spears v. United* States, 129 S.Ct. 840 (2009), which issued after the Seventh Circuit affirmed his sentence. Ramsey notes that the Court failed to explicitly comment on whether it categorically disagreed with the 100:1 crack to powder ratio, as permitted by *Spears*. Ramsey ultimately requests a resentencing in light of a DOJ policy statement, *Spears*, and other recent jurisprudence.

The Supreme Court may have decided *Spears* after Ramsey's sentencing and appeal, but the advisory nature of the Guidelines, including the crack/cocaine Guidelines, was well established by the time Ramsey received his sentence. *See United States v. Booker*, 543 U.S. 220, 244 (2005), *Kimbrough v. U.S.*, 552 U.S. 85, 91 (2007). *Spears* merely clarified that district courts, in rejecting the Guidelines, were permitted to adopt "replacement ratios" in addition to making "individualized determinations." *Spears*, 129 S.Ct. at 843-44. The case in no way effects Ramsey's sentence. Whether the Court could vary from the Guidelines by way of a replacement ratio, on the one hand, or an individualized determination, on the other, was irrelevant to the Court's calculations. The Court, fully aware of its discretion, declined to depart

---

[1] In his petition, Ramsey organizes this claim into two separate "issues," both arguing essentially the same thing.

from the Guidelines at all; it sentenced Ramsey within the Guidelines range. After reciting the record of Ramsey's extensive prior recidivism, the Court explained:

> Yes, I do have discretion to take into account the differential in sentencing between powder and crack cocaine. . . . But I cannot say in this case, in this case, given the facts . . . that this is a proper case for further reduction. . . . I don't have any confidence whatsoever that you won't go out and continue to do exactly what you've done in the past. The other convictions didn't stop you. There's no reason to believe that this sentence will stop you either. So I think that the guidelines capture where the sentence ought to be. (June 6, 2008 Tr. 19:5-24.)

Ramsey complains that the Court never expressly opined on the 100:1 ratio. But implicit in the Court's ruling was an admission that, in some cases, the crack/powder ratio suggested by the Guidelines is inappropriate. Ramsey's was simply not one of those cases.

At heart, Ramsey's claim derives from the Court's alleged misapplication of the Sentencing Guidelines. The Seventh Circuit already addressed and rejected this contention on direct appeal. The circumstances have not changed since then; neither *Spears* nor DOJ policy have recognized a constitutional right to be sentenced at odds with the Guidelines, nor have they instituted any changes to the Guidelines themselves. Consequently, the Court will not reconsider the issue. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (where there are no changed circumstances in fact or law, courts entertaining § 2255 motions may refuse to address issues already decided on direct appeal).

To the extent that Ramsey seeks to advance claims marginally different from the one he raised on appeal, he is prohibited from doing so. A § 2255 motion may not raise nonconstitutional issues that could have been, but were not, raised on direct appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992) (footnote omitted) (emphasis in original), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). On whatever grounds, Ramsey alleges that the Court misapplied the advisory Sentencing Guidelines.

4

Such claims are not constitutional in nature and can be brought on appeal. *See, e.g.*, *U.S. v. Harris*, 567 F.3d 846, 853 (7th Cir. 2009) (remanding for resentencing to ensure that the district court understood that it could vary from the crack/powder ratio set forth in the guidelines). Any claims to that effect not raised on appeal are waived. *See Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) ("Nonconstitutional claims like this one, which could have been raised on direct appeal but were not, are deemed waived even without taking cause and prejudice into account."). Despite his efforts, Ramsey's first claim is barred.

Ramsey's second claim alleges ineffective assistance of counsel for cutting off all contact after filing a notice of appeal. In doing so, Ramsey claims that he was denied the opportunity to consult with his attorney on important decisions, specifically, arguments Ramsey wished to raise on appeal. Ramsey's counsel instead submitted a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

To prevail on an ineffective assistance of counsel claim, a petitioner must show both that his counsel was deficient and that this deficiency prejudiced the petitioner. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). An *Anders* brief "serves the valuable purpose of assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without adversary presentation." *Penson v. Ohio,* 488 U.S. 75, 81-82 (1988) (footnote omitted). The Seventh Circuit has held that an appellate counsel satisfies the requisites of constitutionally adequate assistance when he or she follows the proper procedures for filing such a brief. *See United States ex rel. Russo v. Attorney Gen. of Ill.*, 780 F.2d 712, 715 (7th Cir. 1986). That is, counsel need only conduct a conscientious examination of the case, file a brief referring to anything arguably appealable on record, forward a copy to the defendant, and inform him of his right to present

5

other issues of potential merit to the court. *Id.* Moreover, "although actual consultation with the defendant prior to the filing of the request to withdraw and accompanying Anders brief is highly desirable, it is not constitutionally required." *Id.* (citation omitted).

Having found Ramsey's appeal frivolous, Ramsey's counsel filed a brief outlining potential grounds for appeal. Ramsey received copies of the brief, notice of his rights, and 30 days to respond. He complied, challenging the 100:1 crack to powder ratio, among other things. The Court acknowledges that counsel should ideally have consulted with Ramsey prior to filing his *Anders* brief. However, Ramsey's counsel was not constitutionally required to do so. *See id.* Given that Ramsey's counsel complied with all the procedures constitutionally required for withdrawal, Ramsey cannot claim that he was deprived of effective assistance for cutting off communications.

Nor can Ramsey show that his counsel's conduct prejudiced him. The arguments Ramsey sought to raise would not have altered the outcome of his appeal, as they are without merit. Due to his lawyer's absenteeism, Ramsey was allegedly denied the opportunity to argue that the Court failed to state its position on the 100:1 ratio, and that, if the Court disagreed with the Guidelines as a matter of policy, it should have adopted a replacement ratio before considering § 3553(a) sentencing factors. As examined above, the replacement ratio discussion is irrelevant because the Court, after admitting that it had the discretion to close the crack/powder differential, declined to vary from the Guidelines in Ramsey's case. Ramsey was sentenced at the lowest end of the applicable Guideline range. The Seventh Circuit acknowledged the Court's decision not to depart from the Guidelines, as permitted by *Kimbrough*, when finding this sentence reasonable. *U.S. v. Ramsey*, No. 08-1917, Order at 2 (Oct. 21, 2008).

6

Under Rule 11 of the Rules Governing § 2255 Proceedings, the Court must consider whether it should issue a Certificate of Appealability when entering a final order adverse to a petitioner. A district court may issue a Certificate only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If a court denies a petition on procedural grounds, a petitioner must show that both the procedural ruling and the underlying constitutional claim are debatable. *Id.* at 484.

No conceivable constitutional violation arises out of the Court's decision against adopting a replacement crack to powder ratio in Ramsey's case. It is also not debatable among reasonable jurists that Ramsey's counsel provided him with constitutionally adequate assistance. Because Ramsey failed to make a substantial showing of the denial of a constitutional right, he is not entitled to a Certificate of Appealability.

## CONCLUSION

For the foregoing reasons, Ramsey's Petition for motion for a sentence correction pursuant to 28 U.S.C. § 2255 is DENIED. The Court declines to issue a Certificate of Appealability.

Enter:

/s/ David H. Coar

---

David H. Coar
United States District Judge

Dated: **April 22, 2010**